In the Matter of FRED T. LENA, Petitioner, against JOHN J. RAFTERY et al., Constituting the Board of Education of the City of Yonkers, Respondents, and PATRICK H. McHUGH, Intervener, Respondent.

Supreme Court, Westchester County, September 22, 1944.

*Richard H. Levet* for petitioner.

*John J. Broderick, Corporation Counsel (Raymond Hannon* of counsel), for respondents.

COYNE, J. In this proceeding under article 78 of the Civil Practice Act, petitioner seeks an order (1) annulling and rescinding all acts and resolutions of the Board of Education of the City of Yonkers insofar as the same allegedly deprives petitioner of tenure as principal of a " High School ", and (2) for an order incidental thereto directing that said petitioner be assigned to certain other positions of principalship in the school system, as to which petitioner claims to have a right by virtue of seniority over two other specified incumbents.

There is no substantial dispute on the facts; the controversy is one of law. It appears that for some time prior to June 8, 1944, petitioner was the principal of the Girls Vocational High School at Yonkers, New York. On the said date, the Board of Education adopted a resolution, effective August 31, 1944, abolishing the Girls Vocational High School as a separate institution; abolishing the position of principal of said school; and establishing eligible lists for the positions of principal of the Girls Vocational High School, junior high school principal,

elementary school principal, and teacher of academic subjects in secondary schools. The resolution provided that the name of the petitioner be placed upon all of the said eligible lists, and that with respect to the list for the Girls Vocational High School, that petitioner's name be placed thereon in No. 1 position. On the same day, the Board of Education appointed petitioner as the principal of the Mark Twain Junior High School, grades 7, 8 and 9, at a stated salary which was several hundred dollars less per annum than his previous salary.

It is the contention of the petitioner that the acts and resolutions of the respondent were in disregard of petitioner's rights under the Education Law and other governing regulations, and that by virtue of subdivision 2-a of section 881 of the Education Law, he is entitled to be assigned to serve as principal of the Saunders Trade School or as principal of a proposed vocational high school to replace the present High School of Commerce at Yonkers, New York. The present principal of Saunders Trade School is the intervener in the proceeding, Mr. Patrick McHugh. The incumbent principal of the present High School of Commerce has not appeared in the proceeding.

Insufficient proof is before the court to determine the status of petitioner with respect to his contention that he is entitled to be assigned as principal of a proposed vocational high school, which, it is claimed, will replace the present High School of Commerce. The petition insofar as it seeks this relief is denied, without prejudice to a renewal upon more complete proof.

Reverting to petitioner's contentions that he has been deprived of tenure and has been unjustly assigned to a principalship in a junior high school rather than to the prinicipalship of the Saunders Trade School, it appears that petitioner holds a certificate valid for service as principal of a " Public Vocational High School ". At this point, it should be observed that under the regulations of the Commissioner of Education for the issuance of certificates for administrative and supervisory service, as amended July 1, 1942, a principal of a registered secondary school must hold a principal's certificate valid for the kind of service to be rendered. Under the same regulations authority exists for the issuance of only three types of certificates for service as principal of a secondary school, namely: (1) certificates valid for service as principal of a secondary school (other than a vocational school), (2) certificates valid for service as principal of a vocational high school (other than a technical high school), and (3) certificates valid for service as principal of a technical high school. Presumably, the

certificate held by petitioner comes within the second classification mentioned. It is not disputed that the intervener, McHugh, holds a certificate under the third classification mentioned, namely, a certificate valid for service as principal of a technical high school.

Subdivision 2-a of section 881 of the Education Law upon which petitioner relies reads as follows: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system *within the tenure* of the position abolished shall be discontinued." (Italics mine.) Petitioner claims that the positions for which he is qualified are within the same tenure area, and that he has greater seniority than the intervener, McHugh. For this reason he claims to be entitled to be assigned to the principalship of Saunders Trade School in the place of Mr. McHugh. Concededly, petitioner has greater seniority as principal of a vocational high school, but whether this seniority is within the same tenure area as that of the position of principal of Saunders Trade School is the point at issue.

It is manifest that the name or title by which a particular school is known is of no moment. Names and titles are commonly employed without regard to the type of the school and are frequently misleading. The controlling factor is the nature and character of the courses of study and learning. The papers show that the Girls Vocational High School is primarily a vocational school offering courses in beauty culture, cafeteria and restaurant work, trade dressmaking and garment manufacturing. In contrast thereto, the Saunders Trade School has two divisions, namely: the Trades Division and the Technical Division. Six trade curriculums are offered, including auto mechanics, building maintenance, carpentry, electrical installation, machine shop practice and refrigeration. In addition, five technical curriculums are offered, including architecture, industrial chemistry, electricity, machine design and power generation. For the purpose of this decision, it is not necessary that the curriculums offered at the Saunders Trade School be exclusively of a technical nature. Suffice, that a substantial number of the courses are in the technical field. The fact is uncontradicted that a large percentage of the teachers employed and pupils attending Saunders Trade School are engaged in technical studies and courses. As presently constituted, Saunders Trade School is a combination technical school and trade or vocational school.

By statute, local school authorities may prescribe additional or higher qualifications for any person employed as a principal in the various schools of the cities of the State (Education Law, § 872, subd. 4). Also, under the regulations of the Commissioner of Education, "The preparation and experience requirements prescribed in the regulations are minimums, not optimums nor maximums" (Certificates for Administrative and Supervisory Service, Bulletin, No. 1, June 1, 1936, p. 5, statement No. 2). In pursuance of the statute and regulations, the respondent Board of Education could, as it has, prescribe such additional qualifications for the principalship of Saunders Trade School, as it deemed commensurate with the duties of the position. The requirements prescribed by the Board of Education for the position of principal of Saunders Trade School at Yonkers, New York, were undoubtedly established after a thorough and intelligent consideration of the demands of the position. Where these requirements are neither arbitrary nor unreasonable they should be accorded recognition.

As noted, a comparatively large number of the courses offered at the Saunders Trade School are of a technical nature; and too, the Board of Education has properly imposed additional qualifications for the position of principal of that school. Petitioner's qualifications do not meet the prescribed requirements. It follows that the positions for which petitioner is qualified are not within the same tenure area as that of the position of principal of Saunders Trade School. The positions not being within the same tenure area, petitioner cannot be granted the relief sought.

Petition dismissed, with leave to renew only to the extent indicated; no costs. Submit order.